# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# PANAMA CITY DIVISION

UNITED STATES OF AMERICA

v.  CASES NO.  5:12cr20-RH/GRJ
     5:16cv152-RH/GRJ

JIMMIE HARRELL, JR.,

     Defendant.

_____/

## ORDER APPOINTING AN ATTORNEY AND DIRECTING
## THE CLERK TO SET A RESENTENCING HEARING

The defendant Jimmie Harrell, Jr. has moved under 28 U.S.C. § 2255 for relief from his conviction and sentence. The government agrees that Mr. Harrell should be resentenced but opposes vacating the conviction. This order grants the § 2255 motion in part, appoints an attorney, and sets a resentencing hearing.

Mr. Harrell pleaded guilty to possessing a firearm as a convicted felon in violation of 18 U.S.C. § 922(g)(1). The maximum sentence for violating § 922(g)(1) is ordinarily 10 years in prison. *See id.* § 924(a)(2). But if the defendant is an armed career criminal as defined in 18 U.S.C. § 924(e), the *minimum* sentence is 15 years, and the maximum is life.

Under the law of the circuit as in effect when Mr. Harrell was sentenced, he was an armed career criminal. He was sentenced to the minimum mandatory sentence of 15 years.

Now the law has changed. Under *Johnson v. United States*, 135 S. Ct. 2551 (2015), Mr. Harrell is no longer an armed career criminal. *Johnson* is retroactively applicable on collateral review. *See Welch v. United States*, 136 S. Ct. 1257 (2016). The maximum sentence that could be imposed is now 10 years. Mr. Harrell is entitled to a full resentencing.

This order appoints an attorney and sets a resentencing hearing. Mr. Harrell will be resentenced unless his conviction is vacated on the other grounds asserted in the § 2255 motion. Those grounds include ineffective assistance of counsel in connection with Mr. Harrell's guilty plea. Mr. Harrell, through his new attorney, may move to withdraw the guilty plea if he wishes to have a competency hearing, if there are grounds to doubt his competency, or if he wishes to contest rather than plead guilty to the charges in the indictment. The opportunity to raise any appropriate issues prior to resentencing should render moot (a) any claim that Mr. Harrell's existing conviction is invalid and (b) any assertion that Mr. Harrell has been coerced into relinquishing any such claim.

For these reasons,

IT IS ORDERED:

1. The consented motion for relief under 28 U.S.C. § 2255, ECF No. 119, is granted in part.

2. Dustin Scott Stephenson is appointed to represent Mr. Harrell under the Criminal Justice Act.

3. The clerk must set a resentencing hearing for August 31, 2017, at 1:00 p.m., in Panama City, Florida.

4. The probation officer must prepare a supplemental addendum to the presentence report setting out the revised guideline range and any other pertinent information.

5. The clerk must set an earlier status conference by telephone at either side's request.

SO ORDERED on August 10, 2017.

                                                s/Robert L. Hinkle
                                                United States District Judge